IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| RODERICK YOUNG CURRY, JR. ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:04CV00997 |
| ) | |
| JAMES B. FRENCH, Admin. of ) | |
| Lanesboro Correctional Inst., ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Petitioner Roderick Young Curry, Jr., a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On December 5, 2001, in the Superior Court of Forsyth County, Petitioner was convicted after trial by jury of three counts of robbery with a dangerous weapon and two counts of possession of a firearm by a convicted felon. He pled guilty to being a habitual felon and was sentenced to four consecutive terms of 116-149 months imprisonment. In an unpublished opinion dated February 18, 2003, the North Carolina Court of Appeals found no error in Petitioner's conviction. *State v. Curry*, No. COA02-678, 2003 WL 346312 (N.C. App. Feb. 18, 2003). On August 21, 2003, the Supreme Court of North Carolina denied Petitioner's *pro se* request for a writ of certiorari. *State v. Curry*, 357 N.C. 464 (2003). Petitioner was represented at trial by attorney Louise

Harris and on direct appeal before the North Carolina Court of Appeals by attorney James L. Goldsmith, Jr.

Petitioner filed a *pro se* motion for appropriate relief ("MAR") in the Superior Court of Forsyth County on August 7, 2003, which was summarily denied on January 5, 2004. Petitioner next filed a *pro se* petition for a writ of certiorari in the North Carolina Court of Appeals on July 27, 2004, which was denied on August 12, 2004. Petitioner Curry dated his *pro se* federal habeas petition October 14, 2004 and it was filed by this Court on November 2, 2004. Respondent has answered and moved for summary judgment.

## Claims of the Petition

Petitioner Curry's sole contention in his federal habeas petition is that his trial attorney was ineffective for failing to either object to the State's motion for joinder of offenses or move for severance of offenses. Petitioner asserts that he was consequently prevented from perfecting this issue on appeal, resulting in its waiver.[1]

## Statement of Facts

The facts underlying Petitioner Curry's conviction, as summarized by the North Carolina Court of Appeals, are as follows:

---

[1] Petitioner raises three additional claims in a memorandum filed in support of his response to the Respondent's motion for summary judgment. However, this Court will not address those claims because Petitioner neither raised them, nor provided support for them, in his initial habeas petition. *See United States v. Yearwood*, 863 F.2d 6, 7 (4th Cir. 1988).

These charges arose out of the 10 and 13 May 2001 robberies of two Winston-Salem restaurants. The charges were joined for trial, and this matter was tried before a jury during the 3 December 2001 criminal session of Forsyth County Superior Court. Three eyewitnesses to the robberies identified defendant as one of the robbers of their respective restaurants on 10 and 13 May 2001. A fingerprint expert with the Winston-Salem Police Department also testified that he processed two latent fingerprints lifted from one of the restaurant's menus, and concluded that those fingerprints matched the defendant's fingerprints. The State also presented the testimony of another Winston-Salem police officer who, upon the search of defendant's residence, recovered several items that matched the description of items taken during the 13 May 2001 restaurant robbery.

Defendant presented the testimony of two friends to establish an alibi for defendant at the time of the 10 and 13 May 2001 restaurant robberies. These witnesses could not, however, testify as to the exact time they saw defendant on the dates in question.

*Curry*, 2003 WL 346312, at *1.

Discussion

Petitioner Curry's claim that his trial counsel was ineffective for failing to contest the State's motion for joinder was first raised in his MAR.[2] Because Petitioner failed to raise this claim on direct appeal to the North Carolina Court of Appeals, when he was represented by new counsel and in a position to adequately do so, the MAR court found it to be procedurally defaulted. *See* N.C. Gen. Stat. § 15A-1419(a)(3) ("Upon a previous appeal the defendant

---

[2] Petitioner states in his habeas petition that his ineffective assistance of counsel claim was raised on direct appeal in his *pro se* certiorari petition to the Supreme Court of North Carolina. However, the denial of a request for a writ of certiorari is not a judgment; rather, it is simply a refusal to hear the appeal. *Felton v. Barnett*, 912 F.2d 92, 94 (4th Cir. 1990).

was in a position to adequately raise the ground or issue underlying the present motion but did not do so.").

On habeas review, federal courts are precluded from reviewing claims that were defaulted in state court for non-compliance with "independent and adequate" state procedural rules. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Section 15A-1419 of North Carolina General Statutes is an independent and adequate ground for finding that a claim has been procedurally defaulted. *See Fisher v. Lee*, 215 F.3d 438, 456 (4th Cir. 2000); *Williams v. French*, 146 F.3d 203, 209 (4th Cir. 1998). Petitioner has failed to establish either cause for excusing the procedural default or prejudice resulting therefrom, or that failure to consider this claim will result in a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 750. Neither trial nor appellate counsel, whose actions were the basis of the state court's finding of procedural default, could be found to have been incompetent under the Sixth Amendment's standard in failing to object to joinder under the circumstances of this case. North Carolina law permits joinder of crimes that were close-in-time and carried out in a generally similar manner. *See* N.C. Gen. Stat. § 15A-926 (2003); *State v. Bracey*, 303 N.C. 112, 116-17 (1981). Petitioner's ineffective assistance of counsel claim is, therefore, barred from federal habeas review and should be dismissed.

## Conclusion

Accordingly, for reasons set forth above, **IT IS RECOMMENDED** that Respondent's motion for summary judgment [Pleading No. 5] be granted and that this action be dismissed with prejudice.

/s/ P. Trevor Sharp<br>United States Magistrate Judge

Date: June 21, 2005